**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| MARIE SCOLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CV-246 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Marie Scoles brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On December 3, 2008, this Court entered an Opinion and Order ("Order") that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 31.) Scoles filed a motion and a supplemental motion to recover attorney fees in the amount of $5,736.45 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 33, 43.) The Commissioner opposes Scoles's fee request, arguing that its litigation position was "substantially justified." (Docket # 38.)

For the reasons set forth herein, Scoles's motion for attorney fees will be GRANTED.

### I. LEGAL STANDARD

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A).

The substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citation and internal quotation marks omitted); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

The Court may award EAJA fees if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724). However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724. Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage." *Hallmark Constr.*, 200 F.3d at 1081.

## II. DISCUSSION

In the Order, the Court reversed and remanded the Commissioner's decision, concluding that the ALJ (1) erred by failing to incorporate into his hypothetical to the vocational expert ("VE") at step five the mental limitations he found in his psychiatric review technique; (2) failed to create an accurate and logical bridge from the evidence to his credibility determination; and (3) mischaracterized certain evidence from the medical source opinions of record. The Commissioner, however, argues that it was substantially justified in defending the ALJ's decision; its argument is ultimately unpersuasive.

2

### A. *The ALJ's Step Five Error*

In his decision, the ALJ found that Scoles had moderate deficiencies of concentration, persistence, or pace, but then failed to expressly incorporate this finding into the hypothetical question posed to the VE at step five, instead limiting Scoles to "simple, repetitive tasks." (Order 9.) The Commissioner argued that the ALJ's limitation adequately accommodated Scoles's deficits in concentration. (Order 9.) The Court, however, disagreed and concluded that the ALJ's decision was not supported by substantial evidence because no medical source opinion translated Scoles's deficits in concentration, persistence, or pace to a residual functional capacity ("RFC") of "simple, repetitive tasks." (Order 11.)

The Seventh Circuit Court of Appeals recently addressed an analogous factual scenario in the context of a request for EAJA fees in *Stewart v. Astrue*, __ F.3d __, 2009 WL 859830 (7th Cir. Apr. 2, 2009). There, after finding that the claimant had moderate difficulties in maintaining concentration, persistence, or pace, the ALJ posed a hypothetical to the VE that failed to include these deficits, instead simply limiting the claimant to "simple, routine tasks." *Id*. at 1. The Seventh Circuit emphasized that in doing so the ALJ "contravened longstanding agency regulations, as well as judicial precedent," explaining that the hypothetical question posed by the ALJ to the VE "must include all limitations supported by medical evidence in the record " and "[m]ore specifically, the question must account for documented limitations of 'concentration, persistence, or pace.'" *Id*. (collecting cases).

More particularly, the Seventh Circuit stated:

> The Commissioner asserts that the ALJ accounted for Stewart's limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public. We have rejected the very same contention before. In *Young v. Barnhart*,

3

> [362 F.3d 995, 1004 (7th Cir. 2004),] we held that a hypothetical with exactly those specifications did not adequately account for the plaintiff's medical limitations, including an "impairment in concentration." . . . The Commissioner continues to defend the ALJ's attempt to account for mental impairments by restricting the hypothetical to "simple" tasks, and we and our sister courts continue to reject the Commissioner's position. *Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) . . .; *Ramirez* [*v. Barnhart*, 372 F.3d 546, 554 (3rd Cir. 2004)] . . .; *Kasarsky* [*v. Barnhart*, 335 F.3d 539, 544 (7th Cir. 2004)] . . .; *Smith v. Halter*, 307 F.3d 377, 380 (6th Cir. 2001) . . . . In fact, the Social Security Administration itself rejects that position. SSR 85-15. . . . In light of this clear line of precedent, both the ALJ's hypothetical and the Commissioner's subsequent defense of that hypothetical lack substantial justification. *Young*, 362 F.3d at 1004-05; *Steele* [*v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002)].

*Stewart*, 2009 WL 859830, at *3.

Here too, the ALJ inadequately accounted for Scoles's moderate deficiencies of concentration, persistence, or pace by limiting Scoles to "simple, repetitive tasks" in the hypothetical he posed to the VE. As recently highlighted in *Stewart*, in doing so the ALJ disregarded Social Security regulations and judicial precedent. *See, e.g.*, 20 C.F.R. 404.1545; *Young*, 362 F.3d at 1004-05; *Kasarsky*, 335 F.3d at 544; *Steele*, 290 F.3d at 942; SSR 85-15. Therefore, it is clear that the Commissioner's defense of the ALJ's hypothetical was not substantially justified.

### B. The ALJ's Consideration of the Medical Source Opinions of Record

The Court also remanded the ALJ's decision because the ALJ mischaracterized certain medical evidence. To elaborate, the ALJ articulated that the state agency physicians limited Scoles to simple, repetitive tasks; however, the state agency physicians' report is devoid of any such limitation. Also, in tandem with his discussion of Dr. Hauschild's findings, the ALJ again stated that the medical evidence revealed that Scoles is limited to simple, repetitive tasks; yet, no such limitation was apparent in Dr. Hauschild's opinion, or for that matter any other medical

4

opinion of record. (Order 11-12.)

In addition, the ALJ mischaracterized the opinion of Dr. Karnani when he stated that it was consistent with a full range of sedentary work and the RFC assigned to Scoles by the ALJ. (Order 17.) Contrary to the ALJ's assertion, at one point, Dr. Karnani stated in his opinion that Scoles did *not* have the ability to stand or walk for at least two hours in an eight-hour workday, which effectively precludes a full range of sedentary work.

Courts have concluded that the Commissioner's defense of a decision in which the ALJ mischaracterized material evidence is not substantially justified. *See, e.g.*, *Golembiewski*, 382 F.3d at 724-25; *Hill v. Astrue*, No. 07-CV-405, 2009 WL 269997, at *2 (E.D. Wis. Feb. 2, 2009); *Steele v. Barnhart*, No. 99 C 5455, 2002 WL 31478268, at *2 (N.D. Ill. Nov. 5, 2002). Here, even though the ALJ did indeed discuss the various medical source opinions of record, the ALJ's consideration of these opinions was compromised by a mischaracterization of certain evidence pivotal to his decision. Therefore, as with the ALJ's step five finding, the Commissioner was not substantially justified in defending the ALJ's mischaracterization of the medical source opinions.

*C. The ALJ's Credibility Determination*

The ALJ concluded at step one of his credibility determination that Scoles had an underlying medically determinable physical impairment that could reasonably be expected to produce her symptoms, but at step two the ALJ solely relied upon a lack of objective medical evidence to determine that Scoles was not entirely credible.[1] In remanding the Commissioner's

---

[1] More particularly, the ALJ stated:

After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

5

credibility determination, the Court explained that an ALJ may not reject a claimant's statements concerning her symptoms at step two solely because they are not substantiated by objective medical evidence, but instead must consider the "entire case record." (Order 14-15 (citing *Luna v. Shalala*, 22 F.3d 687, 691 (7th Cir. 1994)).) This includes factors such as "the nature and intensity of claimant's pain, precipitati[ng] and aggravating factors, dosage and effectiveness of any pain medications, other treatment for relief of pain, functional restrictions, and the claimant's daily activities." (Order 14-15 (quoting *Luna*, 22 F.3d at 691).) Though the ALJ did indeed describe Scoles's daily living activities and use of medication elsewhere in his decision, the Court observed that he failed to "connect the dots" between such evidence and his credibility determination. (Order 15.)

The ALJ's credibility determination, therefore, was remanded not because it was "patently wrong," *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000), but because the ALJ failed to sufficiently build an accurate and logical bridge between the evidence and his conclusion, *Ribaudo v. Barnhart*, 458 F.3d 580, 587 (7th Cir. 2006). The Seventh Circuit Court of Appeals has stated that given that "the level of articulation required is far from precise[,]" the ALJ's failure to meet the minimal articulation requirement "in no way necessitates a finding the [Commissioner's] position was not substantially justified." *Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992); *but see Stewart*, 2009 WL 859830, at *3 (holding that the ALJ was not

---

> The undersigned finds that the claimant's testimony is not fully credible. The objective medical evidence does not support the claimant's testimony. She stated that she drops things and has a difficult time picking things up. However, there is no electrophysiological evidence of carpel tunnel or cubital tunnel syndrome. The needle EMG study of the left arm and cervical paraspinal muscles on the left is within normal limits. No denervation was detected on the needle EMG study. There was no needle EMG evidence of acute-cervical radiculopathy or plexopathy.

(Order 14 (quoting Tr. 18 (internal citation omitted)).)

6

substantially justified in defending the ALJ's "fail[ure] to articulate" what new and material evidence led him to substitute his own assessment of the claimant's RFC for that of the medical source opinions).

In that vein, the ALJ's credibility determination in this instance appears more akin to that addressed in *Cunningham*, 440 F.3d at 865, in which the Seventh Circuit concluded that the government's position regarding the ALJ's credibility determination was substantially justified "even though the ALJ was not as thorough in his analysis as he could have been." And, it seems less analogous to that in *Golembiewski*, 382 F.3d at 724, in which the Seventh Circuit found that the Commissioner's position was not substantially justified because the "the ALJ's decision contained no discussion of credibility and . . . failed to apply the factors for evaluating symptoms set forth in Social Security Ruling 96-7p."

Consequently, in contrast to the ALJ's step five finding and his mischaracterization of certain medical evidence, the Commissioner's defense of the ALJ's conclusion to discount Scoles's complaints appears reasonable, particularly given the special deference afforded to an ALJ's credibility determination. *See Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000) (stating that an ALJ's credibility determination is entitled to special deference because the ALJ is in the best position to evaluate the credibility of a witness); *see generally Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994) ("The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action . . . ."); *Sutton v. Chater*, 944 F. Supp. 638, 643 (N.D. Ill. 1996) ("[N]ot having an adequate factual basis for a decision would be unreasonable and would render the decision not substantially justified.").

### D. One Global Determination

At the end of the day, the Court must make one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *2 (N.D. Ill. Sept. 4, 2001); *Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments, but instead focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified). "In general, . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees." *Purvis v. Barnhart*, No. 1:04-cv-2124 DFH VSS, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006).

Here, the ALJ's clear error in failing to incorporate Scoles's concentration deficits into the hypothetical posed to the VE at step five, together with the ALJ's mischaracterization of certain medical evidence pivotal to his decision, persuades this Court that the Commissioner's position as a whole was not substantially justified, even though the Commissioner seemingly was reasonable in defending the ALJ's credibility determination. *See, e.g., Sayles v. Barnhart*, 2002 WL 989455, at *2 (N.D. Ill. May 14, 2002) (finding that the Commissioner was not "substantially justified" in defending an ALJ's decision that contained inconsistencies on the central issue in the case).

Consequently, the Commissioner fails to carry its burden of establishing that its defense of the ALJ's decision was substantially justified, *Cunningham*, 440 F.3d at 864, and thus Scoles is entitled to an award of fees. Scoles's attorney, Joseph Shull, avers that his fees are $5,736.45

8

(34.35 hours at $167 per hour). The Commissioner does not challenge this figure, and the Court finds it reasonable. Therefore, Scoles's motion for fees in the amount of $5,736.45 will be granted.[2]

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion (Docket # 33) and supplemental motion (Docket # 43) for award of attorney's fees under the EAJA are GRANTED in the amount of $5,736.45.

SO ORDERED.

Enter for April 13, 2009.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[2] The Commissioner also objects to Scoles's request that the fees be paid directly to Shull, rather than Scoles as the "prevailing party," absent an assignment of benefits between Shull and Scoles. (Def.'s Resp. to Pl.'s Mot. for Att'y Fees Under the Equal Access to Justice Act 4); *see Thomas v. Shalala*, No. 91 C 5488, 193 WL 112534, at *5 (N.D. Ill. Apr. 8, 1993) (recognizing "that an award of attorney's fees to a 'prevailing party' belongs to the party entitled to such an award and not to his attorney").

In reply, Scoles filed an executed Assignment, assigning to Shull her rights to any EAJA fees. (Pl.'s EAJA Reply Br., Attach. 2.) "While the fee award . . . belongs to [the claimant], it is common to make the award directly to the lawyer where the lawyer's contractual entitlement is uncontested or where it is clear that the attorney was acting for his client." *Thomas*, 1993 WL 112534, at *5; *see also Richardson v. Penfold*, 900 F.2d 116, 117 (7th Cir. 1990). Here, it is clear that Scoles does not contest Shull's entitlement to the EAJA fees.

9