UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARIE SCOLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:07-CV-00246 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Marie Scoles brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (Docket # 1.) On December 3, 2008, this Court entered an order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (Docket # 31.) Ultimately, Scoles received a fully favorable decision from the Commissioner and was awarded $49,686 in back benefits. (Mem. in Supp. of Pl.'s Attorney's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b) ("Pl.'s Supp. Mem.") 2, Ex. A.)

Scoles's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $7,121.50 for his representation of Scoles in federal court.[1] (Docket # 47.) For the reasons set forth herein, Shull's motion for authorization of attorney fees will be GRANTED, except that his requested fee will be reduced

---

[1] The Commissioner does not object to Shull's request for attorney fees under § 406(b). (Docket # 51.)

to $1,385.05 to offset his prior receipt of fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## A. *Relevant Factual and Procedural Background*

On September 26, 2007, Shull and Scoles entered into a contingent-fee agreement for Shull's representation of Scoles in federal court.[2] (Pl.'s Supp. Mem. Ex. C.) Under the agreement, Scoles agreed that Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [her] family and [her] in the event [her] case is won." (Pl.'s Supp. Mem. Ex. C.)

On December 3, 2008, Scoles received a favorable judgment from this Court, and her case was remanded to the Commissioner for further proceedings. (Docket # 31, 32.) Shull then filed for attorney fees under the EAJA, seeking payment for the 34.35 hours he spent advocating Scoles's claim in federal court. (Docket # 33, 35, 43, 44.) The Court awarded Shull $5,736.45 in EAJA fees. (Docket # 45.) In addition, Shull was awarded $5,300 in attorney fees pursuant to 42 U.S.C. § 406(a) for his representation of Scoles at the administrative level. (Pl.'s Supp. Mem. 2, Ex. A.)

Ultimately, the Commissioner awarded disability benefits to Scoles beginning December 2005, and as a result, Scoles received $49,686 in back benefits. (Pl.'s Supp. Mem. 2, Ex. A.) On June 8, 2010, Shull filed the instant motion, seeking the Court's authorization of a payment for $7,121.50 in attorney fees from Scoles pursuant to the contingent-fee agreement. (Docket # 47.)

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent-fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

*B. Legal Standard*

Fees for representing social security claimants, both administratively and before the federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 795-96. Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court. *Id*. at 796. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id*.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his representation at the administrative level. 42 U.S.C. § 406(a); 20 C.F.R. § 404.1725(b); *Gisbrecht*, 535 U.S. at 794-95. There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

In addition to the fee award available pursuant to § 406(a), under § 406(b) an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. The combination of fees awarded under § 406(a) and § 406(b), however, can never exceed twenty-five percent of the past-due benefits awarded to the claimant. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004); *Bartrom v. Barnhart*, No. 1:99-CV-44, 2003 WL 21919181, at *2-3 (N.D. Ind. Feb. 26, 2003). Moreover, § 406(b) has been

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Id.* at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

3

harmonized with the EAJA; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), a court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent-fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807-08 (citations and footnote omitted).

## C. Discussion

Here, Shull requests that the Court authorize under § 406(b) the payment of attorney fees in the amount of $7,121.50 pursuant to the contingent-fee agreement for his representation of Scoles in federal court. Thus, the Court is charged with determining whether Shull's requested fee under the contingent-fee agreement is "a reasonable fee for such representation, not in excess of 25 percent of [Scoles's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

Shull asserts that an award of $7,121.50 is more than reasonable for the 34.35 hours he spent representing Scoles in federal court, considering that (1) it reflects the contingent nature of the recovery; (2) it is in alignment with the fees of other attorneys in the local market; (3) he

4

achieved an excellent result for Scoles; and (4) he provided Scoles with effective and efficient representation, which he attributes to his significant experience and knowledge in the area of social security disability law. (Pl.'s Supp. Mem. 8-11, Exs. D, E.) Shull's argument in support of his fee is indeed meritorious. The requested amount of $7,121.50 when added to $5,300, the amount awarded by the Commissioner to Shull for his representation of Scoles during the administrative proceedings, does not exceed twenty-five percent of Scoles's past-due benefit award. Thus, Shull's request is in accordance with § 406 and the contingent-fee agreement between Shull and Scoles.

Furthermore, Shull obtained a significant result for Scoles and undoubtedly provided her with quality representation. This Court is well aware of Shull's numerous years of experience and significant knowledge in the area of social security disability law. (*See* Pl.'s Supp. Mem. Ex. D (describing in detail Shull's professional experience in the area of social security law).)

And clearly, the fee that Shull seeks is more than "reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. Shull requests $7,121.50 for 34.35 hours of work, which equates to an effective rate of $207.32 per hour. Shull produced the Affidavit of Steven Jackson, a local attorney who is experienced in representing social security claimants, in which Jackson states that "a fee of $300/hr. is a fair and reasonable estimate of a non-contingent hourly rate for an attorney doing similar work in the District Court." (Jackson Aff. ¶ 8.) Thus, Shull's requested contingent fee, which involves a substantial risk of loss, falls far below non-contingent fee parameters.[5] *See generally Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a

---

[5] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). Here, Shull argues that his requested rate per hour

fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements.").

Of course, the requested fee of $7,121.50 must be offset by $5,736.45, the amount of the EAJA fees that Shull already recovered. *See Gisbrecht*, 535 U.S. at 796. Therefore, Shull's requested fee under § 406(b) will be authorized by this Court but will be reduced from $7,121.50 to $1,385.05, reflecting the offset for his prior EAJA fee award.

### *D. Conclusion*

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket # 47) is GRANTED, except that his requested fee of $7,121.50 is reduced to $1,385.05, which is an offset for Shull's prior receipt of EAJA fees.

SO ORDERED.

Enter for this 12th day of July, 2010.

S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge

---

is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court in its analysis is merely responding to Shull's argument concerning his proposed rate. *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).